**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:24-CR-00112-JDK** |
| **v.** § | |
| § | |
| § | |
| **JOSE LUIS VACA-RAMIREZ** § | |
| § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On December 4, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jose Luis Vaca-Ramirez. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Illegal Re-entry into the United States, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level 10 and criminal history category of III, was 10 to 16 months. On September 22, 2020, U.S. District Judge Ivan L. R. Lemelle of the Western District Court of Texas sentenced Defendant to 16 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include a $100.00 special assessment. On September 1, 2021, Defendant completed his period of imprisonment and began service of the supervision term. On August 15, 2024, the Western District Court of Texas petitioned for a warrant based on new criminal conduct and because Defendant was found unlawfully in the United States. The warrant was issued on the same

1

day. On September 10, 2024, jurisdiction of this case and the warrant were transferred to the Eastern District Court of Texas, and the case was assigned to U.S. District Judge Jeremy D. Kernodle.

Under the terms of supervised release, Defendant was required to not illegally reenter the United States. If Defendant was released from confinement or not deported, or lawfully re-entered the United States during the term of probation or supervised release, he was required to immediately report in person to the nearest U.S. Probation Office, or as ordered by the Court. In its petition, the government alleges that Defendant violated his conditions of supervised release on May 19, 2024, when he was found in the United States having previously been deported or removed from the United States on September 1, 2021. The government alleges that Defendant did not lawfully re-enter the United States, and there is no record of him reporting to or attempting to report to any U.S. Probation Office upon reentry.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by being found unlawfully in the United States after having previously been deported or removed from the United States, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence

of 5 months imprisonment to run consecutive to the sentence imposed in 6:24-CR-00066, Eastern District Court of Texas-Tyler Division, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 5 months imprisonment to run consecutive to the sentence imposed in 6:24-CR-00066, Eastern District Court of Texas-Tyler Division, with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be FMC Fort Worth, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 4th day of December, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE